UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA C., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] <br><br> Defendant. | Case No. 5:17-cv-01401-KES <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Linda C. ("Plaintiff") appeals the final decision of the Social Security Commissioner denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons discussed below, the Commissioner's decision is AFFIRMED.

/ / /

/ / /

---

[1] Effective November 17, 2017, Ms. Berryhill's new title is "Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security."

# I.
# BACKGROUND

Plaintiff filed benefits applications on January 27, 2014, alleging disability commencing November 22, 2010. Administrative Record ("AR") 277-83, 284-89. An Administrative Law Judge ("ALJ") conducted a hearing on March 31, 2016, at which Plaintiff, who was represented by an attorney, appeared and testified. AR 87-125. The ALJ issued an unfavorable decision on April 26, 2016. AR 33-52.

The ALJ found that Plaintiff suffers from medically determinable severe impairments consisting of unspecified anxiety disorder, major depressive disorder, and opiate use disorder. AR 39. The ALJ decided that the impairments, including substance use disorder, meet §§ 12.04, 12.06, and 12.09 of the "listed" impairments. Id. The ALJ next determined that if Plaintiff stopped abusing substances, she would continue to have a severe impairment or combination of impairments, but those impairments would not meet or equal any "listed" impairment. AR 41.

Considering her impairments if Plaintiff stopped abusing substances, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> [T]he claimant would be limited to non-complex, routine tasks; no tasks requiring hypervigilance; non-public interaction, but she may be in the presence of limited number of the public; occasionally perform tasks requiring teamwork. She cannot work in a hectic work environment; ideally she should work at night where she could work on her own.

AR 42.

Based on this RFC and the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could not perform her past relevant work as an in-home care provider, even if she stopped abusing substances. AR 45. The ALJ, however,

found that Plaintiff could work as a cleaner (with 42,000 jobs in the national economy) or linen room attendant (with 4,000 jobs in the national economy), as defined by the Dictionary of Occupational Titles ("DOT") codes 323.687-010 and 222.387-030, respectively. Id. Based on these findings, the ALJ concluded that Plaintiff was not disabled. AR 46.

## II.
## ISSUE PRESENTED

This appeal presents the sole issue of whether the ALJ obtained a reasonable explanation for conflicts between the DOT and the VE's testimony about alternative jobs suitable for a person with Plaintiff's RFC. Dkt. 19, Joint Stipulation ("JS") at 5.

Plaintiff contends that her RFC is inconsistent with the demands of working as a hospital cleaner (DOT code 323.687-010), because a hospital is a public, hectic, noisy work environment, and the VE's attempt to explain away the conflict was unreasonable. JS at 7-8.

Plaintiff also contends that her assessed RFC is inconsistent with the demands of working as a linen room attendant (DOT code 222.387-030) because that job requires Level 3 Reasoning, and a limitation to "non-complex, routine tasks" is a limitation to work requiring, at most, Level 2 Reasoning. JS at 9, citing Zavalin v. Colvin, 778 F.3d 842, 846-47 (9th Cir. 2015).

## III.
## DISCUSSION

**A.  The ALJ's Duty to Obtain a Reasonable Explanation of Conflicts between the DOT and the VE's Testimony.**

An ALJ may not rely on a VE's testimony that a hypothetical worker with the claimant's RFC can do alternative jobs without first inquiring whether the testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling ["SSR"] 00-4p). If there is an

apparent conflict between the VE's testimony and the DOT, an ALJ must obtain "a reasonable explanation for the apparent conflict." SSR 00-4p. Reasonable explanations for deviating from the DOT include that the DOT "does not provide information about all occupations, information about a particular job not listed in the [DOT] may be available elsewhere, and the general descriptions in the [DOT] may not apply to specific situations." Massachi, 486 F.3d at 1153, n.17 (citing SSR 00-4p). The ALJ must resolve the apparent conflict before relying on the VE's testimony, and must "explain in the determination or decision how he or she resolved the conflict." SSR 00-4p. "The procedural requirements of SSR 00-4p ensure that the record is clear as to why an ALJ relied on a vocational expert's testimony …." Massachi, 486 F.3d at 1153; see also Zavalin, 778 F.3d at 846 ("The ALJ must ask the expert to explain the conflict and then determine whether the vocational expert's explanation for the conflict is reasonable before relying on the expert's testimony to reach a disability determination.")

"A VE's recognized expertise provides the necessary foundation for his or her testimony." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). A VE's testimony is substantial evidence if "a reasonable mind might accept [it] as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

**B.** **Hospital Cleaner -- DOT code 323.687-010.**

    **1.** **Background**

The DOT describes the job of hospital cleaner as follows:

> Cleans hospital patient rooms, baths, laboratories, offices, halls, and other areas: Washes beds and mattresses, and remakes beds after dismissal of patients. Keeps utility and storage rooms in clean and orderly condition. Distributes laundered articles and linens. Replaces soiled drapes and cubicle curtains. Performs other duties as described under CLEANER (any industry) I Master Title. May disinfect and

4

sterilize equipment and supplies, using germicides and sterilizing
equipment.

See DOT 323.687-010.

At the hearing, the ALJ asked the VE if the cleaner job would involve "any contact or any being in the presence of the public." AR 123. The VE responded that "[i]n general, the individual might encounter some people from the public, but they wouldn't have any direct contact with them. There shouldn't be a reason to interact." AR 123. In his written decision, the ALJ explained that he found both alternative jobs identified by the VE consistent with Plaintiff's RFC, because the VE testified that "in general, an individual performing these jobs would not have direct contact with the public …." AR 46.

**2. Waiver.**

Defendant argues as a threshold matter that where a VE explains an apparent conflict with the DOT and the claimant does not object to the explanation at the administrative hearing (which would permit the ALJ and/or VE to address perceived deficiencies in the VE's explanation and develop the factual record, if necessary), the claimant waives the right to appeal the VE's explanation as unreasonable. JS at 10, citing Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) and Phillips v. Colvin, 593 F. App'x 683, 684 (9th Cir. 2015).

In Meanel, the claimant challenged the VE's testimony concerning the number of alternative jobs available by presenting "new statistics that she admittedly failed to raise at both her hearing before the ALJ and the Appeals Council." Meanel, 172 F.3d at 1115. The Ninth Circuit found, "The ALJ, rather than this Court, was in the optimal position to resolve the conflict between Meanel's new evidence and the statistical evidence provided by the VE." Id. The Ninth Circuit found the statistics-based challenge to the VE's testimony waived: "We now hold that, at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve

them on appeal." Id.

In Phillips, the claimant challenged the ALJ's mathematical determination that he engaged in substantial gainful activity between certain dates. Phillips, 593 Fed. App'x at 684. He argued that the ALJ should have deducted his impairment-related work expenses from his earnings. Id. The claimant, however, had failed to raise this issue at the administrative level. Id. The Ninth Circuit again found waiver. Id.

Plaintiff first argues that her challenge to the reasonableness of the VE's explanation is distinguishable from Meanel and Phillips, because she raised this argument to the Appeals Council. JS at 10, citing AR 401. In fact, she did not. The cited letter to the Appeals Council cites SSR 00-4p, but it never argues that the VE's explanation of how a person with Plaintiff's RFC could work at a hospital was unreasonable. The letter does not mention the hospital cleaner job and does not discuss any of the facts about hospitals which Plaintiff now contends makes hospitals a work environment incompatible with her RFC. AR 401. Instead, the thrust of the letter is that Plaintiff's true RFC is so limited, she cannot perform critical workplace functions and should therefore be found disabled. Id.

Plaintiff next cites Lamear v. Berryhill, 865 F.3d 1201 (9th Cir. 2007). JS at 18. In that case, claimant's counsel failed at the hearing to ask the VE to reconcile the DOT with the VE's conclusions. Id. at 1206. The Ninth Circuit found no waiver, because "Lamear raised this issue to the Appeals Council. And more importantly, … a counsel's failure does not relieve the ALJ of his express duty to reconcile apparent conflicts through questioning." Id.

The instant case is distinguishable from Lamear because (1) the ALJ asked the VE about the apparent conflict and obtained an explanation (AR 123), and (2) Plaintiff did not challenge the reasonableness of the explanation either during the hearing or to the Appeals Council (AR 124, 400-01).

Nevertheless, Lamear holds that inaction by a claimant's counsel cannot

waive a duty imposed on the ALJ.  Per SSR 00-4p, the ALJ had a duty to obtain a reasonable explanation of apparent conflicts from the VE.  If the VE fails to provide facts that the ALJ needs to assess the reasonableness of the VE's explanation, then the ALJ must ask the VE for those facts.  Here, as discussed below, the ALJ could assess the reasonableness of the VE's explanation by considering it in light of common experience with hospitals.[2]  The Court finds no waiver by Plaintiff's counsel.

### 3. The VE Reasonably Explained the Apparent Conflict.

Plaintiff contends that the VE's explanation was unreasonable for several reasons.  First, Plaintiff argues that members of the public "are constantly coming and going" from hospitals, even at night, such that the cleaning staff must encounter them.  JS at 7.  While cleaners would *see* patients and visitors, the VE explained that cleaners would not need to *interact* with such people.  AR 123.  That explanation is reasonable; common experience counsels that hospital patients and visitors rarely interact with the hospital's cleaning staff.  See Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016) ("[A]nyone who's made a trip to the corner grocery store knows that while a clerk stocking shelves has to reach overhead frequently, the typical cashier never has to. . . . Given how uncommon it is for most cashiers to have to reach overhead, we conclude that there was no apparent or obvious conflict between the expert's testimony and the [DOT].").

Plaintiff next contends that interactions with patients would occur regularly because the DOT description calls for cleaning patient rooms.  JS at 7.  The

---

[2] In a different case where the claimant's challenge to the reasonableness of the VE's explanation was based on new, specific facts (like a statistical study or survey), then Meanel's rationale for waiver would probably apply.  The VE, with knowledge of the DOT and expertise concerning how occupations are performed, must have the opportunity to develop the administrative record concerning such factual matters before they become the subject of an appeal.

7

description, however, refers to certain cleaning tasks occurring "after dismissal of patients," which is again consistent with common experience of how hospitals operate.  Even if this job requires some cleaning tasks in patient rooms while patients are present, that still would not require any level of social interaction with the patients.  Typically, patients staying at a hospital are resting and recovering in their rooms, not conversing with the cleaning staff.

Finally, Plaintiff argues that a hospital is a "hectic" work environment "where doctors and nurses are in and out of patient rooms, possibly running around and dealing with crisis …." JS at 8.  While hospital work may be hectic for doctors and nurses, it does not follow that hospitals are an overall hectic work environment for the cleaning staff.  The DOT description includes cleaning areas where no one is likely to be present during cleaning times, such as bathrooms, laboratories, and offices.

Thus, the ALJ obtained a reasonable explanation from the VE of the level of public interaction required to work as a hospital cleaner and did not err in relying on the VE's testimony to conclude that a person with Plaintiff's RFC could perform that job.

C. **Linen Room Attendant -- DOT code 222.387-030.**

1. **The ALJ Failed to Inquire about an Apparent Conflict.**

A job's level of simplicity is addressed by its DOT general educational development ("GED") reasoning development rating.  The GED reasoning scale ranges from Level 1 (lowest) to Level 6 (highest).  The DOT defines the reasoning abilities corresponding with each of the first four levels, as follows:

> Level One: Apply commonsense understanding to carry out simple one- or two-step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.
>
> Level Two: Apply commonsense understanding to carry out detailed

but uninvolved written or oral instructions. Deal with problems
involving a few concrete variables in or from standardized situations.
<u>Level Three</u>: Apply commonsense understanding to carry out
instructions furnished in written, oral, or diagrammatic form. Deal
with problems involving several concrete variables in or from
standardized situations.
<u>Level Four</u>: Apply principles of rational systems to solve practical
problems and deal with a variety of concrete variables in situations
where only limited standardization exists. Interpret a variety of
instructions furnished in written, oral, diagrammatic, or schedule
form. (Examples of rational systems include: bookkeeping, internal
combustion engines, electric wiring systems, house building, farm
management, and navigation.)

<u>See</u> DOT, App. C. Per the DOT, the job of linen room attendant is classified as GED 3. <u>See</u> DOT 222.387-030.

In <u>Zavalin</u>, the Ninth Circuit considered a VE's testimony that a person limited to "simple, routine tasks" could work as a cashier or a surveillance system monitor. <u>Zavalin</u>, 778 F.3d at 843-44. The DOT described both jobs as requiring Level 3 Reasoning, just like the linen room attendant job at issue in this case. <u>See</u> DOT 379.367-010 and 211.462-010. The Ninth Circuit found an apparent conflict between the RFC to perform simple, routine tasks, and the demands of Level 3 reasoning, triggering the ALJ's duty to obtain a reasonable explanation. <u>Id.</u> at 847.

Under <u>Zavalin</u>, there is an apparent conflict between the VE's testimony that a person with Plaintiff's RFC could work as a linen room attendant, and the ALJ failed to inquire about that inconsistency and obtain a reasonable explanation. AR 123-24. This was legal error.

    **2.**     **Harmless Error Analysis.**

"A decision of the ALJ will not be reversed for errors that are harmless."

Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Generally, an error is harmless if it either "occurred during a procedure or step the ALJ was not required to perform," or if it "was inconsequential to the ultimate nondisability determination." Stout v. Comm'r of SSA, 454 F.3d 1050, 1055 (9th Cir. 2006).

In Zavalin, the Ninth Circuit addressed the harmlessness of the ALJ's error by looking to the claimant's abilities as reflected in the record. See Zavalin, 778 F.3d at 848. Here, the Court need not undertake a similar exercise, because the VE testified that a significant number of hospital cleaner jobs (42,000) exist in the national economy. See Yelovich v. Colvin, 532 Fed. Appx. 700, 702 (9th Cir. 2013) (applying harmless error and affirming ALJ's decision because plaintiff could perform one of three identified occupations, where 900 regional and 42,000 national jobs existed for that job); Gutierrez, 740 F.3d at 529 ("The ALJ did not err in concluding that . . . 25,000 jobs also signifies a significant number of jobs in several regions of the country.").

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED.

Dated: June 19, 2018

_____
KAREN E. SCOTT
United States Magistrate Judge